**FILED**

AUG 1 6 2022

Clerk, U S District Court
District Of Montana
Billings

Steven J. Harman, J.D.
STEVE HARMAN LAW, P.L.L.C.
2611 Minnesota Avenue
Billings, MT 59101
(406) 969-4498
(406) 969-4497 (fax)
steve@steveharmanlaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| Dona McLeod, | Cause No. CV-22-87-BLG-SPW-KLD |
| | Judge: _____ |
| Plaintiff, | |
| vs. | |
| Reliance Standard Life Insurance Company, and JOHN DOES 1-10, | **COMPLAINT** |
| Defendants. | |

Plaintiff, by and through her attorneys of record, alleges as follows:

## I. Parties, Jurisdiction, and Venue

1. Plaintiff Dona K. McLeod, is a resident of Billings, Montana. She

worked as an operator at CHS refinery in Billings, Montana from March 12, 2007, until February 26, 2021, when she was terminated due to her disability described below.

2. Dona McLeod was a member of the United Steel Workers Local 11-443 Union during her employment at CHS refinery. The Union offered life and disability insurance through Defendant Reliance Standard Life Insurance Company. Dona McLeod paid a premium for disability insurance through a regular deduction from her Union dues.

3. Defendant Reliance Standard Life Insurance Company is headquartered in Philadelphia, Pennsylvania. Reliance is engaged in the business of insurance within the State of Montana, including disability insurance.

4. Defendants John Does 1-10 are other entities, likely parents or subsidiaries of the named Defendant, unknown to Plaintiff at this time, who may have contributed to causing Plaintiff's damages.

5. Dona McLeod alleges that her claims related to an employee welfare benefit plan under ERISA (Employee Retirement Income Security Act).

6. Jurisdiction of this Court is proper pursuant to 28 U.S.C.A. § 1337 and 29 U.S.C.A. § 1132 (e).

7. Venue is proper within the District of Montana pursuant to 29 U.S.C.A. § 1132 (e)(2) because the acts complained of occurred within this district.

8. In addition to her salary at CHS refinery, Dona McLeod also qualified for a 401(k) Plan and Pension Plan. CHS, Inc. contributed to the Pension Plan. Dona McLeod did not.

9. On January 30, 2021, Dona McLeod went to the Emergency Department at Billings Clinic Hospital complaining of right-sided tingling and vision problems. Ultimately, she was diagnosed with a stroke. More specifically, a left pons infarct which caused double vision and right sided tingling sensations. Dona McLeod could no longer work at CHS, Inc.

10. Defendant Reliance paid short term, and then long term, disability benefits to her. However, on August 8, 2021, Defendant Reliance reduced Dona McLeod's long term disability benefits because she rolled over her vested pension she received form CHS, Inc. to an IRA. Defendant Reliance then subtracted $1,261.70 from her

monthly benefit which offset will be taken for 60 months.

11. On August 12, 2021, Dona McLeod objected to Defendant Reliance taking such an offset. On January 26, 2022, Dona McLeod filed a formal appeal of Defendant Reliance's decision.

12. On March 28, 2022, Defendant Relance denied her appeal and advised her of her remedy to sue. All administrative remedies have been exhausted.

## II. First Cause of Action

For Recovery of Plan Benefits, Pursuant to 29 U.S.C.A. §1132(a)(1)(B).

13. Dona McLeod realleges and incorporates by reference herein each and every allegation set forth above, and alleges the following:

14. Dona McLeod had a contractual relationship with Reliance, pursuant to which Reliance provided long term disability benefits due to her disability. Reliance agrees that Dona McLeod is disabled under the policy.

15. Reliance wrongfully, and in breach of its contract, took an offset against Dona's monthly benefits in the amount of the lump sum pension from CHS, Inc., which was rolled over into an IRA as

described more specifically under paragraph #10 above.

16. Reliance owes Dona McLeod past sums deducted from her monthly disability amount from August 2021, to the present.

17. Reliance also owes such deduction to Dona McLeod as may accumulate in the future. Dona McLeod also request interest and other economic and consequential damage for an amount to be determined at trial.

### III. Equitable Remedies

For Recovery of Plan Benefits, Pursuant to 29 U.S.C.A. §1132(a)(1)(B).

18. Dona McLeod realleges and incorporates by reference herein each and every allegation set forth above, and, in addition, alleges the following: Relance has violated its trust/trustee relationship with her.

19. Dona McLeod requests appropriate equitable relief including reformation of the contract to prevent fraud, estoppel, surcharge and any other remedy the Court deems just.

## IV. Attorney's Fees and Costs

20. Dona McLeod realleges and incorporates by reference herein each and every allegation set forth above, and, in addition, alleges as follows:

21. As a result of the actions and failings of Reliance, Dona McLeod has retained the services of legal counsel and has necessarily incurred attorney's fees and costs in prosecuting this action, all in a final amount which is currently unknown. Dona McLeod request an award of attorney's fees and costs pursuant to 29 U.S.C.A. Sec. 1132)g)(1).

WHEREFORE, Plaintiff Dona McLeod demands judgment as follows:

1. For a declaration regarding Defendant Reliance's wrongful deduction from Dona's disability benefits of the amount of her pension benefits which were rolled over into an IRA;

2. For past and future benefits payable under the Plan to reimburse Dona for payments she was entitled to receive;

3. For equitable relief;

4. For an aware of prejudgement interest;

5. For an aware of reasonable attorney's fees and costs;

6. For such other and further relief as the Court deems just.

Dated this ____16th____, August 2022.

_____
Steven J. Harman
Attorney for Plaintiff Dona McLeod